UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
A.W. FINANCIAL SERVICES, S.A., as successor  :   07 CIV 8491 (SHS)(RLE)
in interest to TERTIAIRE INVESTISSEMENT,
S.A.,                                        :
                              Plaintiff,     :   **ANSWER, AFFIRMATIVE**
                                             :   **DEFENSES AND CROSS-**
        -against-                                **CLAIMS OF DEFENDANT**
                                             :   **AMERICAN STOCK**
EMPIRE RESOURCES, INC., AMERICAN                 **TRANSFER & TRUST COMPANY**
STOCK TRANSFER & TRUST COMPANY,              :
and AFFILIATED COMPUTER SERVICES,
INC.,                                        :

                              Defendants.    :
------------------------------------------------------------X

Defendant American Stock Transfer & Trust Company ("AST"), as and for its answer to the Complaint of plaintiff A.W. Financial Services, S.A. ("AWF"), as successor in interest to Tertiaire Investissement, S.A. ("Tertiaire"), alleges as follows:

### THE PARTIES

1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3.  Admits the allegations of paragraph 3.

4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

#278286.1

## JURISDICTION AND VENUE

5. Admits that plaintiff purports to base subject matter jurisdiction on the ground of diversity of citizenship and denies that plaintiff has any claim against this defendant which exceeds $75,000, exclusive of interest and costs.

6. Admits that AST is located in this judicial district and otherwise denies the allegations of paragraph 6 as stating a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11. Admits the allegations in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13. Admits the allegations of paragraph 13.

14. Admits that Tertiaire returned a signed Affidavit of Loss and Indemnity Agreement.

15. With respect to the allegations of paragraph 15, refer to the Affidavit of Loss and Indemnity Agreement for its terms, provisions and conditions, and affirmatively allege

that Tertiaire failed to check the box which would denote its address as a permanent address change..

  16. Denies knowledge or information sufficient to form a belief as to the acts of Empire as alleged in paragraph 16 and admits that AST sent a replacement certificate to Tertiaire.

  17. Admits that on or about October 20, 2004 AST, acting upon the instructions of ACS, delivered as unclaimed (escheated) property, certain shares, including the Empire shares owned by Tertiaire, to UPCH & Co. c/o Mellon Security Trust Company for the account of ASC Unclaimed Property Clearinghouse.

  18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

  19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

  20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

  21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

  22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

## COUNT I

**(AGAINST EMPIRE FOR NEGLIGENCE)**

  23. Repeats and realleges its responses to paragraphs 1 through 20 as if fully set forth herein.

24. The allegations of paragraph 24 state a legal conclusion to which no response is required.

25. Admits the allegations of paragraph 25.

26. The allegations of paragraph 24 state a legal conclusion to which no response is required.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

## COUNT II

### (AGAINST AST FOR NEGLIGENCE)

29. Repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

30. The allegations of paragraph 30 state a legal conclusion to which no response is required.

31. Denis the allegations of paragraph 31.

32. Denies the allegations of paragraph 32.

## COUNT III

### (AGAINST ACS FOR NEGLIGENCE)

33. Repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

34. The allegations of paragraph 34 state a legal conclusion to which no response is required.

35. The allegations of paragraph 35 sate a legal conclusion to which no response is required.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

## COUNT IV

### (AGAINST EMPIRE FOR BREACH OF FIDUCIARY DUTY)

39. Repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

40. The allegations of paragraph 40 state a legal conclusion to which no response is required.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42.

## COUNT V

### (AGAINST ALL PARTIES FOR CONVERSION)

43. Repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

44. Denies knowledge or information sufficient to form a belief as to the acts of other defendants and denies the allegations as to this defendant.

## COUNT VI

### (AGAINST EMPIRE FOR FAILURE TO REGISTER)

45. Repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

## COUNT VII

### (AGAINST EMPIRE FOR SPECIFIC PERFORMANCE)

47. Repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48.

49. Admits that AWF makes the demand alleged against Empire in paragraph 49.

## FIRST AFFIRMATIVE DEFENSE

50.  The Complaint fails to state a claim against this defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

51.  If Plaintiff has been damaged as alleged in its Complaint, such damage was caused, in whole or in part, or was contributed to, by the carelessness, negligence or actions of others.

## THIRD AFFIRMATIVE DEFENSE

52.  Plaintiff's conversion claim against AST fails because AST never exercised ownership over the shares in question but acted in the capacity of transfer agent.

## CROSS-CLAIM AGAINST DEFENDANT
## EMPIRE RESOURCES, INC.

53.  Cross-Claimant American Stock Transfer & Trust Company ("AST") is and, at all times relevant hereto, was a company, having its principal office in New York, New York engaged in the business of acting as a transfer agent.

54.  Upon information and belief, cross-claim defendant Empire Resources, Inc. ("Empire") is and, at all times relevant hereto, was a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Fort Lee, New Jersey.

55.  On or about August 13, 1996, Integrated Technology U.S.A., Inc. ("ITI") appointed AST as its transfer agent and registrar. A copy of the appointment is annexed as Exhibit "A" hereto.

56. Said appointment was subject to and in accordance with the general practices of AST and its regulations. A copy of the AST regulations is annexed s Exhibit "B" hereto.

57. The appointment was for a three-year term which automatically reveal for successive three-year terms unless 90 days written notice of termination was given by either party.

58. Said appointment has not been terminated by either party and has continued in effect throughout the relevant times mentioned in the Complaint and exists to date.

59. Upon information and belief, in September 1999 ITI merged with Empire, ITI was the surviving corporation from the merger and changed its name to Empire.

60. The regulations of AST which were incorporated in the appointment of AST as transfer agent for Empire include Section 10 entitled "Indemnity" which provides, *inter alia,* as follows:

> The Company shall indemnify AST against all judgments, fines, amounts paid in settlement and reasonable expenses, including attorney's fees, if AST is made a party or threatened to be made a party, to any action or proceeding, whether civil, administrative or investigative, by reason of the fact that AST is or was serving as Agent, so long as it acted in good faith. . . . The Company shall also indemnify AST for its reasonable expenses, including attorney's fees, incurred in seeking to enforce the foregoing indemnification.

61. The foregoing indemnity applies to this lawsuit by reason of AST being named as a defendant herein in connection with performing its services in good faith as transfer against for Empire.

62. Without admitting liability herein, AST demands indemnification from Empire for any and all losses or expenses it has suffered or may suffer or incur in connection

#278286.1

8

with this action, including reasonable attorney's fees incurred in defending this action and in seeking to enforce its indemnity rights against Empire.

## CROSS-CLAIM AGAINST DEFENDANT
## AFFILIATED COMPUTER SERVICES, INC.

63. Cross-claimant American Stock Transfer & Trust Company ("AST") in and, at all relevant times relevant hereto, was a company having its principal office in New York, New York, engaged in the business of acting as a transfer agent.

64. Upon information and belief, cross-claim defendant Affiliated Computer Services, Inc. ("ACS") is and, at all times relevant hereto, was a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business sin Dallas, Texas.

65. AST and ACS entered into a Service Agreement as of January 1, 2003 (the "Service Agreement"), by which ACS provided record processing services for abandoned property including, *inter alia*, the determination of when abandoned property should be turned over to the states, and to take possession of and deliver such abandoned property the states in accordance with their respective statutes.

66. The Service Agreement was for a period of two years which automatically renewed in one year increments unless 60-days notice was provided by either party.

67. No termination notice was given by any party and, therefore, the Service Agreement continued in effect throughout the relevant times mentioned in the Complaint and exists to date.

68. Section 9 of the Service Agreement entitled "Liability" provides, *inter alia*, as follows:

> AST shall be kept indemnified by ACS from any liability incurred by reasons of ACS' negligence in carrying out this Agreement, including reasonable attorney's fees; provided that ACS is given prompt notice of any claims and an opportunity to defend, including the employment of counsel reasonably satisfactory to AST.

69. On November 2, 2007, AST through its counsel notified ACS in writing of the claims asserted herein, demanded indemnity in accordance with the Service Agreement and provided ACS with an opportunity to defend.

70. ACS has failed to respond to the notice provided by AST.

71. The indemnity to AST set forth in the Service Agreement applies due to the negligence of ACS in determining that the plaintiff's shares should be turned over to the State of Delaware as abandoned property after four years rather than the five-year period provided by the Delaware statute regarding escheat of securities.

72. Without admitting liability herein, AST demands indemnification from ACS for any and all losses or expenses it has suffered or may suffer or incur in connection with this action, including reasonable attorney's fees incurred in defending this action and in seeking to enforce its indemnity rights against ACS.

**WHEREFORE**, defendant American Stock Transfer & Trust Company demands judgment dismissing the Complaint as against it and judgment for indemnification on its cross-

claims, together with such other, further and different relief as to the Court seems just and proper.

Dated: New York, New York
      November 30, 2007

                              **KANE KESSLER, P.C.**

                              By: _____
                                  Jeffrey H. Daichman (JD-8802)
                              Attorneys for Defendant
                              American Stock Transfer & Trust Company
                              1350 Avenue of the Americas
                              New York, New York 10019
                              (212) 541-6222
                              (212) 245-3009 (fax)