UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
A.W. FINANCIAL SERVICES, S.A., as successor :
in interest to TERTIAIRE INVESTISSEMENT,
S.A.,                                       :

                Plaintiff,           :

         - against -                         :      07 CIV 8491 (SHS) (RLE)

EMPIRE RESOURCES, INC., AMERICAN            :      **ANSWER AND**
STOCK TRANSFER & TRUST COMPANY, and                **AFFIRMATIVE DEFENSES**
AFFILIATED COMPUTER SERVICES, INC.,         :      **OF DEFENDANT EMPIRE**
                                                   **RESOURCES, INC. TO**
                Defendants.          :      **COMPLAINT**
------------------------------------------------------------X

       Defendant Empire Resources, Inc. ("Empire"), as and for its answer to the complaint of plaintiff A.W. Financial Services, S.A. ("AWF"), by its undersigned counsel, on knowledge as to itself and on information and believe as to all other matters, alleges as follows:

## THE PARTIES

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

       2.     Admits the allegations set forth in paragraph 2.

       3.     Admits the allegations set forth in paragraph 3.

       4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4, except admits that the common stock of defendant Affiliated Computer Services, Inc. is traded on the New York Stock Exchange which is based in New York.

## JURISDICTION AND VENUE

5. Admits that plaintiff purports to base subject matter jurisdiction on the ground of diversity of citizenship and denies that plaintiff has any claim against Empire which exceeds $75,000, exclusive of interest and costs.

6. Admits that plaintiff purports to base venue on the alleged residence of defendant American Stock Transfer & Trust Company.

## FACTUAL ALLEGATIONS

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8. Denies the allegations set forth in paragraph 8, except admits that Empire merged into Integrated Technology USA, Inc. on September 17, 1999, and that Empire Resources, Inc. was and remains the surviving company's name.

9. Denies the allegations set forth in paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11. Denies the allegations set forth in paragraph 11 and respectfully refers the Court to the May 4, 2000, letter from American Stock Transfer & Trust Company for a true and complete statement of its terms.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13. Denies the allegations set forth in paragraph 13 and respectfully refers the Court to the May 4, 2000, letter from American Stock Transfer & Trust Company for a true and complete statement of its terms.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16. Denies the allegations set forth in paragraph 16, except denies knowledge or information sufficient to form a belief as to the acts of American Stock Transfer & Trust Company as alleged in paragraph 16.

17. Denies the allegations set forth in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19. Denies the allegations set forth in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21. Denies the allegations set forth in paragraph 21, except admits that on April 27, 2006, Jean-Jacques Chriqui, as legal counselor to AWF, wrote Empire stating that shares of Empire stock owned by Tertiaire Investissement SA were transferred to the Bureau of Unclaimed Property of the State of Delaware and respectfully refer the Court to such letter for a true and complete statement of its terms.

22. Admits the allegations set forth in paragraph 22.

## COUNT I

### (AGAINST EMPIRE FOR NEGLIGENCE)

23. Repeats and realleges its responses to paragraphs 1 through 20 as if fully set forth herein.

24. Avers that the allegations of paragraph 24 state a legal conclusion to which no response is required.

25. Admits the allegations set forth in paragraph 25.

26. Avers that the allegations of paragraph 26 state a legal conclusion to which no response is required.

27. Denies the allegations set forth in paragraph 27.

28. Denies the allegations set forth in paragraph 28.

## COUNT II

### (AGAINST AMERICAN STOCK TRANSFER & TRUST COMPANY ("AST") FOR NEGLIGENCE)

29. Repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

30. Avers that the allegations of paragraph 30 state a legal conclusion to which no response is required.

31. Denies the allegations set forth in paragraph 31.

32. Denies the allegations set forth in paragraph 32.

## COUNT III

### (AGAINST AFFILIATED COMPUTER SERVICES, INC. ("ACS") FOR NEGLIGENCE)

33. Repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

34. Avers that the allegations of paragraph 34 state a legal conclusion to which no response is required.

35. Denies the allegations set forth in paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37. Avers that the allegations of paragraph 37 state a legal conclusion to which no response is required.

38. Denies the allegations set forth in paragraph 38.

## COUNT IV

### (AGAINST EMPIRE FOR BREACH OF FIDUCIARY DUTY)

39. Repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

40. Avers that the allegations of paragraph 40 state a legal conclusion to which no response is required.

41. Denies the allegations set forth in paragraph 41.

42. Denies the allegations set forth in paragraph 42.

## COUNT V

### (AGAINST ALL PARTIES FOR CONVERSION)

43. Repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

44. Denies the allegations set forth in paragraph 44.

## COUNT VI

### (AGAINST EMPIRE FOR FAILURE TO REGISTER)

45. Repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

46. Denies the allegations set forth in paragraph 46.

## COUNT VII

### (AGAINST EMPIRE FOR SPECIFIC PERFORMANCE)

47. Repeats and realleges its responses to paragraphs 1 through 25 as if fully set forth herein.

48. Denies the allegations set forth in paragraph 48.

49. Admits that AWF purports to make the demand alleged in paragraph 49.

## FIRST AFFIRMATIVE DEFENSE

50. The Complaint fails to state a claim against Empire upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred by Del. Code Ann. tit. 12, § 1203 (2007), which provides that the payment or delivery of property to the Delaware Escheator by any holder of property terminates the legal relationship between the holder and any owner of the property and releases and discharges the holder from any and all liability to the owner by reason of the delivery of the property, regardless of whether such property is, in fact, abandoned, and that the delivery is a bar to any recovery against the holder by the owner and is a conclusive defense in any action brought by the owner against the holder based on the delivery of property to the Delaware Excheator.

## THIRD AFFIRMATIVE DEFENSE

52. If plaintiff has been damaged as alleged in its Complaint, such damage was caused, in whole or in part, or was contributed to, by the carelessness, negligence or actions of plaintiff or others who are wholly responsible for any injury suffered by plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

53. Plaintiff's breach of fiduciary duty claim fails because Empire, as a corporate entity, does not owe fiduciary duties.

## FIFTH AFFIRMATIVE DEFENSE

54. Plaintiff's conversion claim fails because Empire never exercised ownership over the shares in question.

### SIXTH AFFIRMATIVE DEFENSE

55. Plaintiff's conversion claim fails because Empire had no intent to interfere with or deny plaintiff's property interests.

### SEVENTH AFFIRMATIVE DEFENSE

56. Plaintiff's failure to register claim fails because there is no such cause of action.

### EIGHTH AFFIRMATIVE DEFENSE

57. Plaintiff's claim for specific performance fails because Empire's stock is available on the open market and not unique and, therefore, money damages are an adequate remedy.

**WHEREFORE,** defendant Empire demands judgment dismissing the Complaint as against it, together with such other, further and different relief as to the Court deems just and proper.

Dated: New York, New York
       March 19, 2008

WEIL, GOTSHAL & MANGES LLP

By: _____
    Richard L. Levine (RL-4871)
Attorneys for Defendant and Counterclaim
 Defendant Empire Resources, Inc.
767 Fifth Avenue
New York, New York  10153
(212) 310-8000 (phone)
(212) 310-8007 (fax)