Jon Schuyler Brooks (JB7218)
jbrooks@phillipsnizer.com
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, New York 10103-0084
(212) 977-9700
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
A.W. FINANCIAL SERVICES, S.A., as successor
in interest to TERTIAIRE INVESTISSEMENT, S.A.

           Plaintiff,

    v.

EMPIRE RESOURCES, INC., AMERICAN STOCK
TRANSFER & TRUST COMPANY, and AFFILIATED
COMPUTER SERVICES, INC.,

           Defendants.
-----------------------------------------------------------------------x

**ECF CASE –Filed Electronically**

**07-CV-8491 (SHS)(RLE)**

**DECLARATION**

    I, Jon Schuyler Brooks, declare under 28 U.S.C. § 1746:

    1.  I am an attorney duly admitted to practice before this Court, and a partner at Phillips Nizer LLP, attorney for plaintiff A.W. Financial Services, S.A. ("AWF").

    2.  I submit this declaration in support of AWF's motion <u>on consent</u> for leave to file out of time its opposition to the motions to dismiss the Amended Complaint filed by each of the three defendants.

*Procedural Background*

    3.  AWF commenced this matter on September 28, 2007.  (Docket No. 1.)

    4.  This Court scheduled the initial pretrial conference for December 14, 2007.  (Docket No. 3.)

1

1049564.1

5. Service of Process was completed upon each of the three defendants on October 10, 2007. (Docket Nos. 4-6.) Responsive pleadings were due on October 30, 2007.

6. Defendant Empire Resources, Inc. ("Empire") did not appear, answer or otherwise move in response to the Complaint on or before October 30, 2007. (AWF, however, never sought a default or default judgment against Empire.) Empire did not contact AWF or its counsel until March 6, 2008, at which time it requested an extension of time to answer the Complaint. AWF consented to the requested extension and so stipulated. (Docket No. 24.) Empire answered the Complaint on March 19, 2008, more than five months after being served. (Docket No. 25.)

7. Defendant American Stock Transfer & Trust Co. ("AST"), through counsel, requested an extension of time through November 30, 2007, to answer or otherwise move in response to the Complaint. AWF consented to the request. (Docket No. 8.) AST answered the Complaint on November 30, 2007. (Docket No. 13.)

8. Defendant Affiliated Computer Services, Inc. ("ACS"), through counsel, requested an extension of time through December 7, 2007, to answer or otherwise move in response to the Complaint. AWF consented to the request. (Docket No. 10.) ACS moved to dismiss the Complaint on December 7, 2007. (Docket No. 14.)

9. Given the non-appearance by Empire, and the extensions requested by AST and ACS, this Court adjourned the initial pre-trial conference from December 14, 2007 to January 28, 2008.

10. During that time period, AWF and defendants AST and ACS explored the possibility of settlement. In furtherance of that effort, at the initial pre-trial conference, this Court referred the case to Magistrate Judge Ellis for settlement. (Docket No. 18.) Despite a

lengthy conference, and the good offices of Magistrate Judge Ellis, AWF and defendants AST and ACS failed to conclude a settlement.

11. On March 21, 2008, all parties returned to Court for a pre-trial conference. This Court dismissed ACS' motion to dismiss, acknlowedged AWF's intent to file an Amended Complaint, and established a briefing schedule for motions (if any) to dismiss AWF's Amended Complaint. The schedule agreed among counsel and approved by this Court was as follows:

| | |
|---|---|
| April 4, 2008: | Last day for AWF to file Amended Complaint. |
| May 2, 2008: | Last day for defendants to file answers or motions to dismiss. |
| May 23, 2008: | AWF's opposition to motion due (if motion made). |
| June 6, 2008: | Reply due (if motion made). |

(Docket No. 26.)

12. AWF filed its Amended Complaint on April 4, 2008. (Docket No. 28.)

13. On May 2, 2008, defendant Empire filed a motion to dismiss the Amended Complaint. (Docket No. 31-33.) On that same date, and defendants AST and ACS attempted to file a joint motion to dismiss, but did so improperly. (Docket No. 30.) AST and ACS filed their joint motion to dismiss properly on May 5, 2008. (Docket No. 34-35.)

*The Briefing Schedule*

14. As of the March 21, 2008 pre-trial conference, I anticipated ACS might renew its motion to dismiss and, given my intended amendments to the Complaint, anticipated also the possibility AST might make such a motion. I did not expect Empire would do so.[1]

---

[1] In response to the Original Complaint, Empire filed an Answer and no Rule 12(b) motion. It thereby lost its right to file a Rule 12(b) motion. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). At the pre-trial conference, I was considering no substantive amendments to the Complaint that would affect Empire. Therefore, I believed that Empire no longer could file a Rule 12(b) motion. This point is addressed at greater length in the opposition to Empire's motion to dismiss.

3

15. Accordingly, at the pre-trial conference I believed three weeks would be sufficient time to review, analyze and oppose the anticipated limited motion(s) to dismiss.

16. Furthermore, at that time, my schedule for May 2008 presented no problem adhering to the briefing schedule set for the anticipated limited motion(s) to dismiss.

17. On Friday, May 2, 2008, AST and ACS attempted to file their joint motion to dismiss at 5:44 pm; Empire filed a motion to dismiss beginning at 7:33 pm.

18. Due to religious observance, I had left my office prior to the time these documents arrived electronically.

19. Once I left my office on Friday, May 2, 2008, I was not able to return to it until Tuesday, May 13, 2008 due to professional commitments out-of-state that arose subsequent to the March 21, 2008 pre-trial conference. Consequently, during that period, I did not have copies available to me of either motion to dismiss.

20. Furthermore, even I they had been available, I would not have been able to review them as I was preparing for a hearing scheduled to be held May 14-16, 2008. (At the eleventh hour, opposing counsel moved to adjourn that hearing; the motion was granted and the hearing adjourned to June 30-July 2.)

21. Other professional commitments arose subsequent to the March 21, 2008 pre-trial conference that took me out-of-state. I left New York on Sunday, May 18, 2008, and I was not able to return to my office until Wednesday, May 28, 2008.

22. Had either of these business trips been known to me at the time of the March 21, 2008 pre-trial conference, I would not have suggested May 23, 2008 as the due date for AWF's response(s) to any motion(s) to dismiss.

23. Similarly, had I anticipated that all three defendants would be making motions to dismiss, or had I anticipated that, unlike the original ACS motion to dismiss, their motions to dismiss would be far-reaching rather than focused primarily on a single issue, at the March 21, 2008 pre-trial conference I would not have suggested a deadline that provided only three weeks for AWF to prepare and file its response(s).

24. All told, the first meaningful opportunity I had to review, analyze and begin working on AWF's responses was Wednesday, May 28, 2008. At that time (if not earlier), I should have requested a major modification of the briefing schedule that properly took into consideration the length of the motions to dismiss – the memoranda run more than 50 pages – and the number of issues they raise.

25. Instead, I sought a series of minor modifications. Despite my optimism and efforts, and for reasons shared with opposing counsel, those modifications repeatedly proved insufficient. By way of example, as of June 30, 2008 – the deadline I requested from counsel in the most recently filed stipulation – I had completed the response to only one of the two motions. Given the way the two motions interrelate, however, it was impossible to file that one until the other also was complete. But for time taken to draft this motion for leave to file out of time, and but for Independence Day observance, that would have happened no later than July 4, 2008.

26. AWF's responses to both motions to dismiss now are complete. A true and correct copy of AWF's response to the Empire motion is attached as Exhibits 1; a true and correct copy of AWF's response to the AST-ACS joint motion is Exhibit 2.

27. Accordingly, I respectfully request this Court grant AWF's motion for leave to file its responses out of time, and that in so granting this Court deem them filed as of July 9, 2008, the date upon which they were delivered to the Court and opposing counsel.

5

28. Counsel for Empire, AST, and ACS have no objection to this request. They do, however, ask that they be given a full four weeks – to August 7, 2008 – to file replies (and not just the two weeks they had requested at the March 21, 2008 pre-trial conference).

29. Additionally, given the length of the memoranda submitted by defendants and the number of issues raised therein, AWF's responses to the motions to dismiss exceed the page limitation set forth in this Court's Individual Practices. As required by Rule 2.C of those Individual Practices, I respectfully request permission to exceed those limitations.

30. I thank the Court for its understanding in this matter, and regret any inconvenience caused by the need to modify the briefing schedule.

Dated: Garden City, New York
July 9, 2008

>_____/s/_____
Jon Schuyler Brooks (JB7218)

1049564.1