UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                           :

A.W. FINANCIAL SERVICES, S.A., as successor
in interest to TERTIAIRE INVESTISSEMENT,   :
S.A.,

                                                           :

                          Plaintiff,
                                                          :        07 CIV 8491 (SHS) (RLE)

             - against -

                                                           :

EMPIRE RESOURCES, INC., AMERICAN
STOCK TRANSFER & TRUST COMPANY, and  :
AFFILIATED COMPUTER SERVICES, INC.,

                                                           :

                          Defendants.

                                                         :
------------------------------------------------------------ X

### EMPIRE RESOURCES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME

       Defendant Empire Resources, Inc. ("Empire") respectfully submits this memorandum in response to the Motion filed by Plaintiff A.W. Financial Services, S.A. ("Plaintiff") on July 9, 2008 For Leave to File Out of Time. While Empire consented to Plaintiff's motion, Empire is compelled to correct certain inaccuracies in the declaration submitted in support of the motion and to respond to the attacks therein on defendants, which were offensive given the numerous prior extensions defendants stipulated to.

### DISCUSSION

       <u>First</u>, as reason for Plaintiff's failure to timely file its opposition to Empire's motion to dismiss, notwithstanding the multiple prior consented-to extensions, Plaintiff claims that it did not anticipate that Empire would file a Rule 12(b)(6) motion in response to the amended complaint because Empire had answered the original complaint. Decl. ¶ 14. The fact that Empire would file a motion to dismiss, however, was discussed at the March 21, 2008, Pre-Trial Conference before the Court. In fact, Empire's counsel expressly stated that Empire was prepared to move, based on Del. Code Ann. tit. 12 § 1203(a), for a judgment on the pleadings if an amended complaint was not filed, or move to dismiss if one was filed. Furthermore, the Court's Order, dated that same day, set forth the briefing schedule for *all*

defendants' motions to dismiss. *See* Docket No. 26 (May 2, 2008 was the "[l]ast day for *defendants* to file answers or motions to dismiss") (emphasis added). It is misleading, therefore, for Plaintiff to now claim that it did not anticipate Empire moving to dismiss.

Second, the declaration notes that Empire was served on Oct. 10, 2007, but that Empire did not appear or contact Plaintiff until March 6, 2008. Decl. ¶¶ 5-6. The declaration also points out that Plaintiff never sought a default judgment. But Empire's failure to initially answer or respond to the complaint because it did not receive actual notice is completely irrelevant to the present issue -- Plaintiff's continued failure to timely file its opposition despite the many extensions defendants agreed to by stipulation and this Court's June 30, 2008 Order that there was to be "no more extensions."

Third, Empire believes it is inappropriate that Plaintiff cites the fact that Empire filed its motion to dismiss at 7:33 p.m. on the date it was due. Decl. ¶ 17. While true, it is irrelevant and meaningless, and the only logical reason for this fact's inclusion is to give the impression that Empire filed its motion late. Empire's motion, however, was timely because Empire had until midnight, as it was being filed electronically.[1]

Fourth, the declaration notes -- as if to suggest defendants have unclean hands -- that the defendants have requested an additional two weeks to file their replies (if the Court still permits Plaintiff to file its opposition). Decl. ¶ 28. Plaintiff points out that this would give the defendants four weeks to reply instead of the two weeks requested at the March 21, 2008 Pre-Trial Conference, but conveniently neglects to mention that those extra weeks were agreed to by Plaintiff in prior stipulations approved by the Court, as the briefing scheduled moved towards the summer months during various counsels' vacation plans. *Id.*

In sum, defendants stipulated to at least four (4) extensions of Plaintiff's time to file its opposition to the motions to dismiss, the last one on June 23, 2008. That last stipulation gave Plaintiff

---

[1] *See* SDNY Electronic Case Filing Rules & Instructions, Rule 3.3 (available at www.1.nysd.uscourts.gov/ECF_rules_SDNY_May08.pdf) (last visited July 14, 2008).

until June 30, 2008 to file and, in "so ordering" the stipulation, the Court indicated that there would be "No further extensions." Docket No. 39. Without any prior notice to Defendants, Plaintiff failed to file its motion on June 30. Instead, two days later, on July 2, Plaintiff, despite this Court's order of "No further extensions," emailed defendants proposing a stipulation providing a further extension to July 3. Defendants would not so stipulate given the Court's admonition to an extension, but instead notified Plaintiff that defendants would not object to Plaintiff's motion to file out of time if filed by July 3. On July 3, Plaintiff emailed defendants seeking yet another extension, this time to July 7. Defendants' position remained the same: no stipulation but no objection. July 7, however, then came and went and Plaintiff still did not file its motion. The following morning, Plaintiff sent another email, this time stating that the motion and opposition would now be filed later that day or the following day, which it was.

This chronology makes clear that it has been defendants who have made every effort to cooperate with Plaintiff, and it is completely disingenuous, and offensive, for Plaintiff to imply that defendants have been unreasonable.

## CONCLUSION

While Empire has consented to Plaintiff's motion to file out of time, Empire filed this response to correct inaccurate and misleading statements in Plaintiff's supporting declaration.

Dated: New York, New York
July 14, 2008

By:_____/s/_____
Richard L. Levine (RL-4871)
Deborah A. Maher (DM-9333)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000 (phone)
(212) 310-8007 (fax)

Attorneys for Defendant Empire Resources, Inc.