# EXHIBIT A

# CHAPTER 275

## FORMERLY HOUSE BILL NO. 468
## AS AMENDED BY SENATE AMENDMENT NO. 1

**AN ACT TO AMEND TITLE 12, CHAPTER 11 RELATING TO ESCHEATS BY EXPANDING THE TYPES OF PROPERTY COVERED AND DEFINING THE DUTIES AND POWERS OF THE STATE ESCHEATOR WITH RESPECT THERETO.**

*Be it enacted by the General Assembly of the State of Delaware:*

Section 1. Title 12, Chapter 11, is amended by adding a new subchapter IV to read as follows:

SUBCHAPTER IV. OTHER UNCLAIMED PROPERTY

§ 1197. Other property escheated

All property, as hereinafter defined, and not otherwise subject to escheat in accordance with the provisions of this chapter, the title to which has failed and the power of alienation suspended by reason of, (a) the death of the owner thereof, intestate, leaving no known heirs-at-law; (b) the owner thereof having disappeared or being missing from his last known place of residence for a continuous period of 7 years or more, leaving no known heirs-at-law; or (c) the same having been abandoned by the owner thereof, as hereinafter defined, shall descend to the State of Delaware as an escheat in accordance with the Constitution, the general laws of this State or the provisions of this Act."

§ 1198. Definitions

(a) 'Person' includes a natural person, a corporation doing business, or which has been engaged in business in this State, a co-partnership, a voluntary association, and every or any other association or organization of individuals, but excludes banking organizations, any court, and any life insurance company.

(b) 'Property' means personal property, of every kind or description, tangible or intangible, in the possession or under the control of a holder, as hereinafter defined, and includes, but not

by way of limitation, (1) money; (2) bills of exchange; (3) stocks, bonds and other securities; (4) credits, including wages and other allowances for services earned or accrued on or after January 1, 1958; money orders and travelers checks; also proceeds held for unredeemed gift certificates; (5) dividends, cash or stock; (6) certificates of membership in a corporation or association; (7) security deposits; (8) funds deposited by holder with fiscal agents of fiduciaries for payment to owner of dividends, coupon interest and liquidation value of stocks and bonds; (9) funds to redeem stocks and bonds; (10) amounts refundable from excess or increased rates or charges heretofore or hereafter collected by a corporation for utility services lawfully furnished by it, which have been or shall hereafter lawfully be ordered refunded to consumers or other persons entitled thereto and any interest due thereon, and which have remained unclaimed by the persons entitled thereto for 7 years from the date they became payable in accordance with the final determination or order providing for the refunds; and (11) all other liquidated choses-in-action of whatsoever kind of character. The word 'property' does not include credits or deposits evidenced by cash balances on unclaimed or refused personal property, nor any property, except the items specified in items (1) to (11) in this subdivision, the right to recover which in a proceeding brought by the owner would be barred by the provisions of any statute of limitations, state or federal.

(c) 'Owner,' in addition to its commonly accepted meaning, shall be construed to particularly mean and include any person, as hereinbefore defined, having the legal or equitable title to property coming within the purview of this act.

(d) 'Holder' means any person having possession, custody or control of the property of another person, and includes a credit union; a post office; a depository; a bailee; a trustee; a receiver or other liquidating officer; a fiduciary; a governmental department, institution or agency; a municipal corporation and the fiscal officers thereof; a public utility, service corporation; and every other legal entity doing business in this State. This definition shall be construed as distinguishing the term 'holder' of property from the term 'owner' of property as hereinbefore defined, and as excluding from the term 'holder' any person holding or possessing property by virtue of title or ownership.

(e) 'Abandoned property' means property against which a full period of dormancy has run.

(f) 'Period of dormancy' means the full and continuous period of 7 years, except a period of fifteen years for travelers checks, during which an owner has ceased, failed or neglected to exercise dominion or control over his property or to assert a right of ownership or possession; or to make presentment and demand for payment and satisfaction; or to do any other act in relation to or concerning such property. The term does not apply to a period of time during which the owner has failed or neglected to make a demand or file a claim within the time prescribed in an order or decree of court or in a legal notice served and published pursuant to law or an order of court, and the period of dormancy shall not commence to run with respect to claims, demands, or other property held by a holder pursuant to a written agreement which contemplates that there shall be a period of inactivity, until the expiration of the contemplated period of inactivity. This definition shall be construed as excluding any act or doing of a holder of abandoned property not done at the express request or authorization of the owner.

(g) 'Escheat' means the descent or devolution of property to the State under and by virtue of the Constitution of the State, the provisions of the general laws of this State, or the provisions of this act.

(h) 'Escheatable property' means property which is subject to escheat to the State under and by virtue of the provisions of the Constitution of the State, the general laws of this State, or the provisions of this act.

(i) 'Escheated property' means property which has descended to the state as an escheat.

(j) 'Appropriation' means the act of the state, through its duly constituted officers or agencies, in taking or accepting possession or custody of abandoned, unprotected, unclaimed or lost property as conservator thereof for later disposition by descent to the State as an escheat or redemption by the owner as provided in this Act.

(k) 'Redemption' means the reclamation of escheated prop-

erty, or the proceeds of the sale thereof, made by the owner or other person entitled thereto, pursuant to the provisions of this Act.

(l) 'Unprotected property' means and refers to property which the owner thereof has mislaid or left unprotected against loss, damage, waste or deterioration under circumstances indicating the disappearance of the owner or an abandonment of the property.

### § 1199. Reports by holders of abandoned property

Every holder of abandoned property as herein defined shall on or before the thirtieth day of June of each year make and file with the state Escheator a report, in duplicate, as of the last preceding first day of January, containing a full, true and itemized statement of all abandoned property in his possession or under his control not previously reported: Provided, That the requirements of this section for an annual report shall not apply to fiduciaries of decedent estates, nor to municipal corporations and the fiscal officers thereof, other than counties and the fiscal officers thereof, except when such municipal corporation is a holder of such property in a capacity other than a governmental capacity or as bailee, or by virtue of other special contact, express or implied.

### § 1200. Payment or delivery

(A) Every holder of abandoned property who has filed the report required by Section 1199 hereof, within ninety (90) days after receipt of written demand from the State issued subsequent to said report, shall, where required, pay or deliver to the State all such property subject to the custody and control of the State under this Act, except that, if the owner of any such property establishes his right to receive the property to the satisfaction of the holder, or if it appears that for some other reason the property is not then subject to the custody and control of the State under this Act, the holder need not pay or deliver the property to the State, but in lieu thereof shall file a verified written explanation of the proof of claim or as to the reason the property is not subject to the custody and control of the State. Any holder who has paid moneys to the State pursuant to this Act may make payment to any person appearing to such holder to be entitled thereto, and upon proof of such payment and proof that the payee was entitled

thereto, the State shall forthwith reimburse the holder for the payment.

(B)   A receipt shall be issued, on behalf of the State, for all property received under this Act.

§ 1201.  Periods of limitation

If any holder required to file a report under any Act in effect prior to the effective date of this Act, or under this Act, has filed or files a report, no action shall be commenced or maintained against such holder unless it has been or is commenced within seven (7) years after such report has been or is filed.

§ 1202.  Effect of laws of other States

This Act shall not apply to any property that has been presumed abandoned, properly escheated or subject to custody and control of another jurisdiction under the laws of such other jurisdictions prior to the effective date of this Act.

Section 2.   Section 1176 of Title 12 is amended by adding the following after the words "amount paid to the State Escheator" and before the words "Such reimbursement":

Any issuer of money orders and travelers checks who has paid to the State Escheator abandoned property held or owing for the payment of a money order or travelers check may make payment to the person entitled thereto, and shall thereby be entitled to reimbursement of the amount paid to the State Escheator upon proof of such payment in the form of the paid instrument or in the absence of the paid instrument, the agreement of the issuer to hold harmless and indemnify the State of Delaware and its State Escheator from any and all claims with regard to such instrument.

Approved July 13, 1971.

# EXHIBIT B

1325

# CHAPTER 426

## FORMERLY SENATE BILL NO. 685
## AS AMENDED BY
## HOUSE AMENDMENT NOS. 1 & 2

AN ACT TO AMEND SUBCHAPTER IV, CHAPTER 11, TITLE 12, DELAWARE CODE AND VOLUME 58, DELAWARE LAWS, CHAPTER 329 RELATING TO ESCHEATS OF PROPERTY.

*Be it enacted by the General Assembly of the State of Delaware:*

Section 1. Subsection (a), Section 1198, Chapter 11, Title 12, Delaware Code, relating to the definition of "person" is amended by striking the words "a corporation doing business" appearing immediately following the word "person" in the first line thereof, and by inserting in lieu thereof the following:

"a corporation organized or created under the laws of this state, or a corporation doing business"

Section 2. Subsection (d), Section 1198, Chapter 11, Title 12, Delaware Code, relating to the definition of the term "holder" is amended by inserting immediately after the word "entity" and preceding the word "doing" appearing on line six thereof the following:

"incorporated or created under the laws of this State or"

Section 3. Section 1198, Chapter 11, Title 12, Delaware Code, is amended by striking subsection "k" and subsection "l" in their entirety.

Section 4. Section 1199, Chapter 11, Title 12, Delaware Code, is amended to read in its entirety as follows:

§ 1199. Reports by holders of abandoned property

(a) Every holder of funds or other property, tangible or intangible, deemed abandoned under this subchapter shall file with the State Escheator, on or before June thirtieth of each year, as of

December thirty-first next preceding, a report, in duplicate, with respect to such property. The report shall be verified and shall include:

(1) The name, if known, and last known address, if any, of each person appearing from the records of the holder to be the owner of any property deemed abandoned under this subchapter;

(2) The nature and identifying number, if any, or description of the property and the amount appearing from the records to be due, except that items of value under fifty dollars ($50.00) each may be reported in aggregate;

(3) The date when the property became payable, demandable, or returnable, and the date of the last transaction with the owner with respect to the property; and

(4) Other information which the State Escheator may prescribe.

(b) Upon written request the State Escheator may grant an extension of time with respect to the date for filing the report.

(c) The requirements of this section for filing an annual report shall not apply to municipal corporations or counties and the fiscal officers thereof.

(d) Verification, if made by a partnership, shall be executed by a partner; if made by an unincorporated association or private corporation, by an officer; and if made by a public corporation, by its chief fiscal officer.

(e) If the person holding property deemed abandoned is a successor to other persons who previously held the property for the owner, or if the holder has changed his name while holding the property, he shall file with his report all prior known names and addresses of each holder of the property.

(f) (1) With respect to any stock or other certificate of ownership, or any dividend, profit, distribution, interest, payment on principal, or other sum held owing by a corporation or other business association for or to a shareholder, certificate holder, member, bondholder, or other security holder, the initial report

filed under this section shall include all such items of property deemed abandoned under the provisions of this subchapter without limitation as to time.

(2) Except as provided in paragraph (1) above, the initial report shall include all such items of property which, under the provisions of this subchapter, would have been deemed abandoned on the effective date of this subchapter had this subchapter been in effect on January 1, 1964.

Section 5. Chapter 11, Title 12, Delaware Code, is amended by striking Section 1200 in its entirety and by adding a new section designated Section 1200 to read as follows:

§ 1200. Notice and publication of lists of abandoned property

(a) Within 30 days after receiving the report of abandoned property required by Section 1199, the State Escheator shall cause to be published a notice entitled: "Notice of Names and Persons appearing to be Owners of Abandoned Property".

(b) Such notice shall be published at least once each week for two successive weeks in a newspaper in the County in this state in which is located the last known address of any person to be named in the notice. If no address is listed or if the address is outside this state, the notice shall be published in the County in which the holder has his principal place of business. If the holder has no principal place of business in this State then notice shall be published in the County of New Castle.

(c) The published notice shall contain the names in alphabetical order and last known addresses, if any, of persons listed in the report; a brief description of the property; a statement that if proof of claim is not presented by the owner to the holder within 60 days from date of publication the abandoned property shall be paid to or placed in the custody of the State Escheator, to whom all further claims must thereafter be directed.

(d) The State Escheator shall not be required to publish in such notice items of value under fifty dollars ($50.00) each.

Section 6. Chapter 11, Title 12, Delaware Code, is amended

by striking Section 1201 in its entirety, and by adding a new section to be designated Section 1201 to read as follows:

§ 1201.  Payment or delivery of abandoned property

Ninety days after filing the report required by Section 1199, every holder of abandoned property shall pay or deliver to the State Escheator all abandoned property specified in the report, except that if the owner establishes his right to receive the abandoned property to the satisfaction of the holder within the 90-day period specified in Section 1200 or if it appears that for some other reason the reported abandonment is erroneous, the holder need not pay or deliver the property, which will no longer be deemed abandoned, to the State Escheator, but in lieu thereof shall file a verified written explanation of the proof of claim or other reason.

Section 7.  Chapter 11, Title 12, Delaware Code, is amended by striking Section 1202 in its entirety, and by adding a new section to be designated Section 1202 to read as follows:

§ 1202.  Periods of limitation not a bar

The expiration of any period of time specified by statute or court order, during which an action or proceeding may be commenced or enforced to obtain payment of a claim for money or recovery of property, shall not prevent the money or property from being deemed abandoned property, nor affect any duty to file a report required by this subchapter or to pay or deliver abandoned property to the State Escheator.

Section 8.  Chapter 11, Title 12, Delaware Code, is amended by adding a new section at the end thereof to be designated Section 1203 to read as follows:

§ 1203.  Relief from liability

The payment or delivery of property to the State Escheator by any holder shall terminate any legal relationship between the holder and the owner and shall release and discharge such holder from any and all liability to the owner, his heirs, personal representatives, successors and assigns by reason of such delivery or payment, regardless of whether such property is in fact and in

law abandoned property, and such delivery and payment may be pleaded as a bar to recovery and shall be a conclusive defense in any suit or action brought by such owner, his heirs, personal representatives, successors and assigns, or any claimant against the holder by reason of such delivery or payment.

Section 9. Chapter 11, Title 12, Delaware Code, is amended by adding a new section to the end thereof to be designated Section 1204 to read as follows:

§ 1204. Sale of abandoned property

(a) All abandoned property, other than money, delivered to the State Escheator under this subchapter shall be sold or disposed of in accordance with the provisions of Section 1143, Subchapter II of this Chapter.

(b) All sales of property made by the State Escheator under this chapter shall pass absolute title to the purchaser. The State Escheator or the Secretary of State shall execute all documents necessary to complete the transfer of title.

Section 10. Chapter 11, Title 12, Delaware Code, is amended by adding a new section to the end thereof to be designated Section 1205 to read as follows:

§ 1205. Deposit of funds

(a) All funds received by the State Escheator under this subchapter, including the proceeds of sale under Section 1204, shall forthwith be paid and deposited into the General Fund of the State.

(b) All disbursements for expenses, claims, storage, etc., made or authorized by the State Escheator in connection with the administration of this subchapter shall be paid by the Secretary of Finance upon presentation of a signed voucher by the State Escheator.

Section 11. Chapter 11, Title 12, Delaware Code, is amended by adding a new section to the end thereof to be designated Section 1206 to read as follows:

§ 1206. Claims for abandoned property paid or delivered; determination of claims, appeals

(a) Any person claiming an interest in any property paid or delivered to the State Escheator under this sub-chapter may file a claim thereto or to the proceeds from the sale thereof with the State Escheator.

(b) The determination of claims and rights of appeal shall be accomplished as prescribed in Section 1146 (b), Subchapter II, of this Chapter.

(c) When property is paid or delivered to the State Escheator under this subchapter, the owner is not entitled to receive income or other increments accruing thereafter.

Section 12. Chapter 11, Title 12, Delaware Code, is amended by adding a new section to the end thereof to be designated Section 1207 to read as follows:

§ 1207. Penalties

(a) Any person who shall fail to render any report required under this subchapter shall pay a civil penalty of $10 for each day such report is withheld, not to exceed $1,000; provided, the State Escheator may waive all or any portion of the penalty if the failure is due to reasonable cause.

(b) Proceeding to Compel Delivery. If any person refuses to pay or deliver property to the State Escheator as required by this subchapter, the Escheator may bring an action in the Court of Chancery of the county where the holder resides or has his principal place of business to enforce such payment or delivery.

Section 13. Chapter 11, Title 12, Delaware Code, is amended by adding a new section to the end thereof to be designated Section 1208 to read as follows:

§ 1208. Rules and regulations

The State Escheator may make such rules and regulations as he may deem necessary to administer and enforce the provisions of this subchapter.

Section 14. Chapter 11, Title 12, Delaware Code, is amended by adding a new section to the end thereof to be designated Section 1209 to read as follows:

§ 1209. Examination of records

Whenever the State Escheator has reason to believe that a person has failed to report property which should have been reported pursuant to this subchapter, the State Escheator may petition the Court of Chancery for an order requiring such person to produce for examination, at a reasonable time and place, such of his books, records or papers as are reasonably necessary for the State Escheator to determine whether a report was required.

Section 15. Chapter 11, Title 12, Delaware Code, is amended by adding a new section to the end thereof to be designated Section 1210 to read as follows:

§ 1210. Effect of laws of other States

This subchapter shall not apply to any property that has been presumed abandoned or escheated under the laws of another state prior to July 13, 1971.

Section 16. Chapter 11, Title 12, Delaware Code, is amended by adding a new section to the end thereof to be designated Section 1211, to read as follows:

§ 1211. Property presumed abandoned or escheated under the laws of another state

Notwithstanding any other provisions of this subchapter, if specific property which is subject to the provisions of this subchapter is held for or owed or distributable to an owner whose last known address is in another state, such specific property is not presumed abandoned in this State and is not subject to this subchapter if such property may be claimed as abandoned or escheated under the laws of such other state.

Section 17. Amend Volume 58, Delaware Laws, chapter 329 by striking the reference "Subchapter IV" as it appears therein and by substituting therefor "Subchapter V" in each instance.

Section 18. Amend Volume 58, Delaware Laws, chapter 329 by changing the Delaware Code section numbers therein as follows:

| | | |
|---|---|---|
| § 1195 | to | § 1220 |
| § 1196 | to | § 1221 |
| § 1197 | to | § 1222 |
| § 1198 | to | § 1223 |
| § 1199 | to | § 1224 |

Section 19. Effective Date. Section 1 and Section 2 shall take effect on July 1, 1972. All remaining sections of this Act shall become effective on the date this Act is enacted into law.

Approved June 15, 1972.

# EXHIBIT C

742

## CHAPTER 351

## FORMERLY

## HOUSE BILL NO. 261

AN ACT TO AMEND CHAPTER 11, TITLE 12 OF THE DELAWARE CODE TO PROVIDE FOR THE ESCHEAT TO THE STATE OF INTANGIBLE OWNERSHIP INTERESTS IN CORPORATION WHEN DIVIDENDS OR OTHER DISTRIBUTIONS THEREON HAVE BEEN ABANDONED.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

Section 1 Amend subsection (6), Section 1198, subchapter IV, Chapter 11, Title 12, Delaware Code by inserting after the first sentence thereof the following:

"For purposes of this subchapter, the issuer of any intangible ownership interest in a corporation, whether or not represented by a stock certificate, which is registered on stock transfer or other like books of the issuer or its agent, shall be deemed a holder of such property."

Section 2. Amend subsection (8) Section 1198, subchapter IV, Chapter 11, Title 12, Delaware Code by striking the period at the end of the first sentence and inserting in lieu thereof the following:

"providing that with respect to an intangible ownership interest in a corporation, whether or not represented by a stock certificate, the period of dormancy means a period of 7 years during which (1) the owner has not claimed a dividend, distribution or other sum with respect to such interest, (2) the owner has not communicated in writing with the holder concerning such property or otherwise communicated with the holder concerning such property which communication is evidenced by a writing or other record prepared by the holder or its employee in the ordinary course of business and (3) at the end of which the holder does not know the current location of the owner of such property. A full period of dormancy shall be deemed to have run with respect to any dividends or other distributions held for or owing to an owner at the time a period of dormancy shall have run with respect to the intangible ownership interest in a corporation to which such dividend or other distribution attaches."

Section 3. Amend subsection (10) Section 1198, subchapter IV, Chapter 11, Title 12, Delaware Code by striking the word "stocks," after the numeral "(iii)" and substituting in lieu thereof the following:

"intangible ownership interests in corporations, whether or not represented by a stock certificate,".

Section 4. Amend Section 1201, subchapter IV, Chapter 11, Title 12, Delaware Code by adding at the end of said Section the following:

"The holder of any intangible ownership interest in a corporation deemed abandoned under this subchapter shall, when making the delivery contemplated by this Section, (i) if such interest is a certificated security as defined in 6 Del. C. §8-102(1) deliver either the original stock certificate evidencing the abandoned property, if such is in its possession or a duly issued replacement certificate evidencing such property in a form suitable for transfer, or (ii) if such interest is an uncertificated security as defined in 6 Del.C. §8-201(1) cause such uncertificated security to be registered in the name of the State Escheator."

Section 5. Amend Section 1203, subchapter IV, Chapter 11, Title 12, Delaware Code by designating the current Section as subsection (a) and adding the following new subsections:

"(b) Upon the delivery in good faith of a duplicate certificated security to the State Escheator or the registration of an uncertificated security to the State Escheator pursuant to Section 1201 hereof, the holder and any transfer agent, registrar or other person acting for or on behalf of the holder in executing or delivering such duplicate certificate or effectuating such registration, is relieved of all liability of every kind to every person, including any person acquiring the original of a certificated security or the duplicate of a certificated security issued to the State Escheator, for any losses or damages resulting to any person by issuance and delivery to the State Escheator of the duplicate certificated security or the registration to his name of an uncertificated security.

(c) If the holder pays or delivers property to the State Escheator in good faith and thereafter another person claims the property from the holder or another state claims the money or property under its laws relating to escheat or abandoned or unclaimed property, the State Escheator acting on behalf of the State, upon written notice of the claim, shall defend the holder against the claim and indemnify the holder against any liability on the claim.

(d) For the purposes of this Section, 'good faith' means that:

(1) Payment or delivery was made in a reasonable attempt to comply with this Act;

(2) The person delivering the property was not a fiduciary then in breach of trust in respect to the property and had a reasonable basis for believing, based on the facts then known to him, that the property was abandoned for the purposes of this Act; and

(3) There is no showing that the records pursuant to which the delivery was made did not meet reasonable commercial standards of practice in the industry."

Approved June 30, 1986.

## CHAPTER 352

### FORMERLY

### HOUSE BILL NO. 288

AN ACT TO AMEND CHAPTER 23, TITLE 21 OF THE DELAWARE CODE RELATING TO RETAINING SURRENDERED CERTIFICATES OF TITLE.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

Section 1. Amend Section 2308, Chapter 23, Title 21 of the Delaware Code by striking the period at the end of the first sentence and inserting in lieu thereof the following "or copy thereof."

Approved June 30, 1986.

## CHAPTER 353

### FORMERLY

### HOUSE BILL NO. 289

AN ACT TO AMEND CHAPTER 41, TITLE 21 OF THE DELAWARE CODE RELATING TO PEDESTRIANS.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

Section 1. Amend Section 4148, Title 21, of the Delaware Code by striking from subsection (a) the phrase, "one-half hour after sunset to one-half hour before sunrise" and substituting in lieu thereof the phrase "sunset to sunrise".

Section 2. This Act shall become effective upon its enactment into law.

Approved June 30, 1986.